IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19–CV–123–BR

| DARON BATTLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| RUBY TUESDAY, INC. and CASEY NEGLEY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on defendant Ruby Tuesday, Inc.'s ("Ruby Tuesday") motion to dismiss (DE # 7), and defendant Casey Negley's ("Negley") motion to dismiss (DE # 28). Daron Battle ("plaintiff") filed responses in opposition. (DE ## 18, 30.) Ruby Tuesday filed a reply. (DE # 21.) The motion has been fully briefed and is ripe for disposition.

## I.  DISCUSSION

Plaintiff complains of discrimination by his current employer, Ruby Tuesday, and former supervisor, Negley, for actions which occurred from 17 December 2016 to 8 December 2018. (Compl., DE # 3, ¶10.) Specifically, plaintiff complains that he received workplace threats from other employees and management, an improper write-up, and a shortened work schedule resulting in him feeling discriminated against and "not welcomed or invited" at his place of work. (See id.) Defendants move to dismiss plaintiff's complaint on the grounds of service and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] In its reply, Ruby Tuesday withdrew its statute of limitations defense. (See Reply, DE # 21 at 2 n.1.)

A.     Service

Negley contends plaintiff violated Federal Rule of Civil Procedure 4(m) by failing to serve her within 90 days after the complaint is filed. (See Mem. Supp. Mot. Dismiss, DE # 29, at 2.)

Rule 4(m) states in relevant part that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Additionally, even in the absence of good cause, a court may, in its discretion, extend the time for proper service of process. See Escalante v. Tobar Constr., Inc., No. 8:18-CV-00980-PX, 2019 WL 109369, at *2 (D. Md. Jan. 3, 2019) "(Since the 1993 amendments, the majority of Circuits have held that a district court may, in its discretion, enlarge the service period even absent good cause").

The court issued the original summons on 3 September 2019, the same day plaintiff filed the complaint. (DE # 2.) Plaintiff obtained a second summons on 24 October 2019. (DE # 17.) On 27 December 2019, plaintiff filed a notice indicating he was still waiting on the Wake County Sheriff's Department to make service, (DE # 23 ¶¶ 2–4), and Negley was served shortly thereafter, on 3 January 2020, (DE # 24, at 4). Plaintiff served Negley approximately one month after the Rule 4(m) deadline. In its discretion, the court finds it is appropriate to extend the deadline for service on Negley until 3 January 2020. Therefore, the court deems service timely, and Negley's motion will be denied on this ground.

### B. Title VII

Defendants contend plaintiff fails to state a claim under Title VII. (See Mem. Supp. Mot. Dismiss, DE # 29, at 3; Mem. Supp. Mot. Dismiss, DE # 8, at 5.) Absent direct or circumstantial evidence, a plaintiff establishes discrimination pursuant to Title VII or § 1981 "under the McDonnell Douglas burden-shifting framework." Sanders v. Tikras Tech. Sols. Corp., 725 F. App'x 228, 229 (4th Cir. 2018). Under McDonnell Douglas,

> (1) the plaintiff must establish a *prima facie* case of discrimination or retaliation; (2) if the plaintiff presents a prima facie case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to prove that the reason is pretextual.

Id. "[T]he elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 566 U.S. 30 (2012). Although a plaintiff need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citation and quotation marks omitted). If a plaintiff can amend his or her complaint to satisfy the applicable pleading standard, the district court should allow amendment. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 625 (4th Cir. 2015) (citing Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir.1993) (quoting Coniston Corp. v. Vill. of Hoffman Estates, 844 F.2d 461, 463 (7th Cir. 1988)).

In his complaint, plaintiff states he received an improper write-up on 17 January 2017 (Compl., DE # 3, ¶ 10(b)), and numerous workplace threats, (id. ¶¶ 10(e), (g), (k).) Additionally,

plaintiff complains that Negley cut his workdays from five to two. (Id. ¶ 10(j).) In his responses in opposition to defendants' motions, plaintiff states:

> The Plaintiff was black employee and Casey Negley was his white supervisor. However, assuming arguendo that the court finds insufficient allegations under Title VII of the 1964 Civil Rights Law, Plaintiff does state a claim for relief under Section 1981 of Chapter 42 of the United States Code.

(Resp. Opp'n, DE # 18, at 3; Resp. Opp'n, DE # 30, at 4.)

Amendment to plaintiff's complaint, as demonstrated by the statements in plaintiff's responses, could cure the current pleading defect, that is, plaintiff's failure to plead membership in a protected class. He could also amend his complaint to include allegations tying defendants' conduct to his membership in a protected class. See Goode, 807 F.3d at 625 ("[W]e conclude that it is appropriate to consider whether a plaintiff could have amended the complaint to satisfy the pleading standards that the district court imposed. In this case, a primary ground for the district court's dismissal of Goode's race discrimination claims was Goode's failure to allege sufficient facts to present direct or circumstantial evidence of discrimination or to establish a *prima facie* case of discrimination."). Accordingly, plaintiff will be granted the opportunity to cure the pleading deficiency by filing an amended complaint.

## II. CONCLUSION

Defendants' motions to dismiss are DENIED. Plaintiff shall file an amended complaint on or before 10 March 2020.

This 2 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge