IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19–CV–123–BR

| | |
|---|---|
| DARON BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RUBY TUESDAY, INC. and CASEY NEGLEY, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendant Ruby Tuesday, Inc.'s ("Ruby Tuesday") motion to dismiss (DE # 33), and defendant Casey Negley's ("Negley") motion to dismiss (DE # 36). Daron Battle ("plaintiff") filed responses in opposition. (DE ## 39, 40.) Ruby Tuesday filed a reply. (DE # 41.) The motions are ripe for disposition.

## I. BACKGROUND

On 3 September 2019, plaintiff, represented by counsel, filed suit against Negley and Ruby Tuesday alleging discrimination under Title VII of the Civil Rights Act of 1964. (Compl., DE # 3, ¶¶ 5, 10.) On 21 October 2019, Ruby Tuesday moved to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to timely file his complaint. (Ruby Tuesday's Mem. Supp. Mot. Dismiss, DE # 8, at 3.) Ruby Tuesday contended, among other things, that plaintiff failed to allege that he was a member of a protected class. (Id.) On 21 January 2020, Negley moved to dismiss plaintiff's complaint for improper service of process under Federal Rule of Civil Procedure 4 and for failure to state a claim under Rule 12(b)(6). (Negley's Mem. Supp. Mot. Dismiss, DE # 29, at 2.) In his motion, Negley similarly contended that plaintiff failed to allege membership in a protected class. (Id.)

Plaintiff responded in opposition to both motions contending "Plaintiff was black employee and Casey Negley was his white supervisor." (Resp. Opp'n, DE # 18, at 3, Resp. Opp'n, DE # 30. at 4.) As a result, the court found that "[a]mendment to plaintiff's complaint, as demonstrated by the statements in plaintiff's responses, could cure the current pleading defect, that is, plaintiff's failure to plead membership in a protected class" and would allow plaintiff the ability to add "allegations tying defendants' conduct to his membership in a protected class." (DE # 31, at 4.) The court allowed plaintiff "the opportunity to cure the pleading deficiency by filing an amended complaint." (Id.)

On 6 March 2020, plaintiff filed his amended complaint. (DE # 32.) Plaintiff's amended complaint brings claims under both Title VII and 42 U.S.C. § 1981 for events occurring while plaintiff was a cook at Ruby Tuesday between 17 December 2016 and 8 December 2018. (See Am. Compl., DE # 32, ¶¶ 5, 10(a)–(k).) Defendants move to dismiss plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6). (Ruby Tuesday's Mem. Supp Mot. Dismiss, DE # 34, at 4; Negley's Mem. Supp. Mot. Dismiss, DE # 37, at 2, 3.) Defendants argue, in part, that plaintiff has again failed to plead membership in a protected class. (Ruby Tuesday's Mem. Supp Mot. Dismiss, DE # 34, at 4; Negley's Mem. Supp. Mot. Dismiss, DE # 37, at 2, 3.)

In his amended complaint, plaintiff recounts threats, assaults, and harassment he allegedly suffered while employed at Ruby Tuesday, ultimately contending he faced workplace retaliation and a shortened work schedule. (See Am. Compl., DE # 32, ¶¶ 10(a)–(k).) Specifically, regarding Negley, plaintiff claims that on 7 November 2018, Negley, his supervisor at Ruby Tuesday, sprayed him in the face with cleaner spray when plaintiff was cleaning the back of the fryer. (Id. ¶ 10(i).) The following day, plaintiff alleges Negely cut his workdays

2

from five to two. (Id. ¶ 10(j).) On 8 December 2018, Negley "badgered [plaintiff] several times about [his] cook times, even though [his] cook time[s] were never deficient[.]" (Id. ¶ 10(k).) Plaintiff contends Ruby Tuesday is liable for Negley's actions under the doctrine of respondeat superior. (Id. ¶ 12.) The amended complaint states that "[p]laintiff is entitled 'to full and equal benefits' of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[,]" (id. ¶ 2, at 3), but does not state plaintiff's race.

## II. DISCUSSION

"The intent of Rule 12(b)(6) is to test the sufficiency of a complaint." Dinh Tran v. Coty, Inc., No. 5:10–CV–431–H, 2011 WL 6325970, at *1 (E.D.N.C. Dec. 13, 2011) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). "A district court should dismiss a complaint pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege enough facts to state a claim to relief that is plausible on its face." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "[T]he court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To discount such unadorned conclusory allegations, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

3

than conclusions, are not entitled to the assumption of truth." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal citations and quotation marks omitted).

Absent direct or circumstantial evidence, a plaintiff establishes racial discrimination pursuant to Title VII or § 1981 "under the McDonnell Douglas burden-shifting framework." Sanders v. Tikras Tech. Sols. Corp., 725 F. App'x 228, 229 (4th Cir. 2018). Under McDonnell Douglas,

> (1) the plaintiff must establish a *prima facie* case of discrimination or retaliation; (2) if the plaintiff presents a prima facie case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to prove that the reason is pretextual.

Id. "[T]he elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."[1] Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. 566 U.S. 30 (2012); Sanders v. Tikras Tech. Sols. Corp., 725 F. App'x 228, 229 (4th Cir. 2018) (finding the elements of a *prima facie* discrimination claim under Title VII identical to a discrimination claim under § 1981). Although a plaintiff need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citation and quotation marks omitted).

Plaintiff does not plead that he is a member of a protected class or that he received different treatment from similarly situated employees outside a protected class, and he provides only conclusory statements regarding his purportedly satisfactory job performance. The court

---

[1] Plaintiff does not suggest he is asserting a retaliation claim or a hostile work environment claim. (See Resp. Opp'n, DE # 39, at 4 (arguing that plaintiff provides notice pleading of his racial discrimination claim and reciting elements).)

4

gave plaintiff the opportunity to amend his complaint, informing him of the original complaint's deficiencies. (DE # 31, at 4.) Still, plaintiff, who is represented by counsel, failed to plead basic facts needed for a discrimination claim under Title VII or § 1981.

Furthermore, because "supervisors are not liable in their individual capacities for Title VII violations[,]" Lissau v. S. Food Serv., 159 F.3d 177, 181 (4th Cir. 1998), plaintiff fails to state such a claim against Negley as his supervisor at Ruby Tuesday. Defendants' motions will be allowed.

### III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are ALLOWED. Plaintiff's complaint is hereby DISMISSED. The Clerk is DIRECTED to enter judgment and close the case.

This 15 May 2020.

_____
W. Earl Britt
Senior U.S. District Judge